CHAMBER OF COMMERCE OF CITY OF AUGUSTA, GA., v. UNITED STATES et al.

(Commerce Court.  June 7, 1912.)

No. 65.

COMMERCE (§ 95*)—INTERSTATE COMMERCE COMMISSION—REVIEW OF ORDERS.
An order of the Interstate Commerce Commission dismissing a complaint against coal rate *held* supported by substantial evidence and without errors of law which gave the Commerce Court grounds for annulling it.
[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 145; Dec. Dig. § 95.*]

In Equity.  Suit by the Chamber of Commerce of the City of Augusta, Ga., petitioner, against the United States and the Interstate Commerce Commission, respondents.  On motion to dismiss.  Motion granted.

For opinion of the Interstate Commerce Commission, see 22 Interst. Com. Com'n R. 233.

John B. Daish, of Washington, D. C. (E. G. Kalbfleisch, of Augusta, Ga., on the brief), for petitioner.

Winfred T. Denison, of Washington, D. C. (Thurlow M. Gordon, of Washington, D. C., on the brief), for the United States.

Chas. W. Needham, of Washington, D. C., for Interstate Commerce Commission.

Before KNAPP, Presiding Judge, and HUNT, CARLAND, and MACK, Associate Judges.

MACK, Judge.  Petitioner seeks the annulment of the action of the Interstate Commerce Commission in dismissing a complaint alleging that the rate of $2.10 per ton on coal from Coal Creek mines in Tennessee to Augusta, Ga., in force since October 1, 1907, was unjust and unreasonable in itself, and subjected the manufacturers of Georgia to undue prejudice as compared with other designated points in the same general territory.  In dismissing the complaint the Commission denied reparation.

That the Commission proceeded in all respects according to law in the hearing of the case, and that there was substantial evidence

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in support of its conclusions, is not denied. The petitioner, however, alleges that the Commission erred in matters of law apparent on the face of the report in dismissing the complaint and in denying the relief prayed. On oral argument it was conceded that no one of the alleged errors of law would of itself be a sufficient basis to annul the order of the Commission, but it was urged that in some way this court could amalgamate all the charges of alleged error and deduce therefrom some sufficient new ground not specified which would require it to set aside the order of dismissal.

In view of the admissions of counsel, we deem it unnecessary to discuss the alleged errors in detail. In our judgment, neither any one of them nor all of them combined confer upon this court either the right or the duty to annul the Commission's order.

The motions of the respondents to dismiss the petition will therefore be sustained, and the petition will be dismissed, at the petitioner's cost.

Petition dismissed.